LAW OFFICE OF
## NATHANIEL B. SMITH
ATTORNEY AT LAW
225 BROADWAY-SUITE 1901
NEW YORK, NEW YORK 10007

NATHANIEL B. SMITH
natbsmith@gmail.com

TEL: 212-227-7062
FAX: 212-656-1090

# MEMO ENDORSED

April 16, 2026

Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
40 Foley Square – Room 18A
New York, New York 10007

*Melendez v. Ethical Culture Fieldston School, et al.,*
*23-cv-4917 (JPO) (SLC)*

Dear Judge Cave:

On behalf of Plaintiffs, I write pursuant to Rule 1(F) of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file Plaintiffs' motion for an infant compromise order and its corresponding exhibits with properly tailored redactions to those portions of the papers that contain or discuss the terms and the amount of a settlement to which Plaintiffs and Defendants agreed in their settlement agreement as well as those parts of the papers that discuss the history of settlement discussions over potential terms of settlement. The proposed redactions are highlighted in yellow in the sealed versions of the papers.

Although there is a presumption of access to inspect and copy judicial records and documents, the Second Circuit has recognized that "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This information "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Once the Court determines the weight of the presumption of access, it must "balance competing considerations against it," including "the privacy interests of those resisting disclosure." *Id.* at 120.

The redactions in Plaintiffs' motion and the exhibits are all of the kind that "come within [the] court's purview solely to insure their irrelevance" and is of no "value … to those monitoring the federal courts," *Lugosch*, 435 F.3d at 119. Even if they were entitled to some presumption of access, however, the competing considerations—including the privacy interests of the parties—overwhelmingly favor adopting Plaintiffs' proposed redactions.

2

LAW OFFICE OF
NATHANIEL B. SMITH

The category of sealed or redacted materials concerns the executed settlement agreement (Exhibit 1) and discussions in the papers about the terms and amount of settlement consideration to which Plaintiffs and Defendants agreed in their settlement agreement as well as the history of those settlement discussions, which include discussions in the context of confidential mediations before the Court and the Second Circuit's CAMP mediation process. Courts frequently recognize that the presumption of access to this kind of information is limited and that the countervailing considerations are significant. And they thus routinely maintain settlement amounts under seal where (as here) the specific amounts and terms are not relevant to deciding the motion before the court. *See, e.g., Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) (enforcing settlement agreement but ruling that the settlement amount should remain under seal), *report & recommendation adopted*, 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020), *aff'd*, 852 Fed. Appx. 552 (2d Cir. 2021); *Rahman v. Kaplan Cornelia, Inc.*, 2014 WL 541851, at *10 n.8 (S.D.N.Y. Feb. 11, 2014) (finding "no compelling reason to disclose the settlement sum" in adjudicating motion to enforce settlement agreement); *Savarese v. Cirrus Design Corp.*, 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010) (finding "sufficient showing that the amount of the settlement should be filed under seal"). This Court should do the same.

To avoid inadvertent disclosures and in accordance with recent changes to the sealing procedures, Plaintiffs also seek to file the unredacted materials and the settlement agreement *ex parte* with separate service by the undersigned of unredacted copies only on Wilmer Hale, counsel of record for the Defendants who executed the settlement agreement.

Respectfully submitted,

/s/ Nathaniel B. Smith

Nathaniel B. Smith

cc: Defense Counsel
    Cassie Mitchell, Esq. (Cassie.Mitchell@wilmerhale.com)
    (via email only with unredacted attachments)

Plaintiff's' sealing motion at Dkt. No. 77 is GRANTED.

The Clerk of the Court is respectfully directed to close Dkt. No. 77 and keep the motion for an infant compromise order at Dkt. No. 80 sealed.

SO ORDERED   4/17/26

SARAH L. CAVE
United States Magistrate Judge