

THE COCHRAN FIRM

ONE EXCHANGE PLAZA
55 BROADWAY – 23rd FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 553-9215
FAX: (212) 227-8763

April 24, 2026

> The sealing motion at Dkt. No. 83 is GRANTED.
>
> The Clerk of the Court is respectfully directed to close Dkt. No. 83 and keep the motion to enforce charging lien at Dkt. No. 84 sealed.
>
> SO ORDERED   4/27/26
>
> *Sarah Cave*
> SARAH L. CAVE
> United States Magistrate Judge

**<u>VIA CM/ECF</u>**
Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Melendez, et al. v. Ethical Culture Fieldston School, et al.* – 23-cv-04917

Dear Honorable Judge Cave:

  I am the Chairman of The Cochran Firm, former counsel for the Plaintiffs in the above-referenced matter. I submit this letter motion seeking the Court's permission to file The Cochran Firm's Motion to enforce its charging lien against the settlement proceeds in the above-referenced matter, as well as the exhibits annexed thereto, under seal and to *selected parties only*. The motion papers contain privileged and confidential attorney client communications including emails, text messages and references in billing records, as well as documents that were transmitted as confidential settlement communications. In addition, there are references to attorney client communications contained in the memorandum of law. In that regard, the filing of such documents under seal *selected parties* is appropriate to preserve the attorney-client privilege between TCF, their former clients, and Plaintiffs' new counsel, Messrs. Nat Smith and John Lenoir.

  The Court approved the filing of such documents under seal and to *selected parties* in the related <u>Wright</u> and <u>Mason</u> matters for the same reasons set forth herein.

  "The common law right of public access to judicial documents is firmly rooted in our nation's history." <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006). The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice. <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir. 1995). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." <u>Lugosch</u> *supra*. "Once the weight of the presumption is determined, a court must balance competing considerations against it." <u>Amodeo</u> *supra*. Documents may be sealed if findings are made demonstrating that closure is essential to

preserve higher values and is narrowly tailored to serve that interest." <u>Delta Air Lines, Inc. v. Bombardier, Inc.</u>, 462 F. Supp. 3d 354 (S.D.N.Y. 2020).

"Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties." <u>Id</u>. Further, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, ..., fall within the privilege." <u>Diversified Grp., Inc. v. Daugerdas</u>, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003) *See also* <u>Riddell Sports, Inc. v. Brooks</u>, 158 F.R.D. 555, 560 (S.D.N.Y. 1994). "[A]ttorney billing statements are subject to the attorney-client privilege to the extent that they reveal more than client identity and fee information." <u>Ehrich v. Binghamton City Sch. Dist.</u>, 210 F.R.D. 17, 23 (N.D.N.Y. 2002). Additionally, the Second Circuit has held that settlement communications are also appropriately subject to sealing. *See* <u>United States v. Glens Falls Newspapers, Inc.</u>, 160 F.3d 853, 856 (2d Cir. 1998).

For these reasons, we ask that the moving papers be filed under seal and be viewable only to Messrs. Nat Smith and John Lenoir.

Respectfully submitted,

/s/ Derek S. Sells
Derek S. Sells, Esq.

2