THE COCHRAN FIRM

The Court is in receipt of the Cochran Firm's request to file its reply in further support of its motion to enforce its charging lien under seal. (Dkt. No. 90). The request is GRANTED. The Cochran Firm is directed to provide the Court with courtesy copies of their unredacted reply papers at Dkt. No. 91 via email to Cave_NSYDChambers@nysd.uscourts.gov.

The Clerk of the Court is respectfully directed to close Dkt. No. 90 and keep the submission at Dkt. No. 91 sealed.

SO ORDERED   5/11/26

SARAH L. CAVE
United States Magistrate Judge

ONE EXCHANGE PLAZA
55 BROADWAY – 23rd FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 553-9215
FAX: (212) 227-8763

May 8, 2026

**VIA CM/ECF**
Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Melendez, et al. v. Ethical Culture Fieldston School, et al.* – 23-cv-04917

Dear Honorable Judge Cave:

I am the Chairman of The Cochran Firm, former counsel for the Plaintiffs in the above-referenced matter. I submit this letter motion seeking the Court's permission to file The Cochran Firm's Reply to its Motion to Enforce its Charging Lien against the Settlement Proceeds in the above-referenced matter, as well as the exhibits annexed thereto, under seal. The reply papers contain privileged and confidential attorney client communications and references to settlement discussions. In addition, there are references to attorney client communications and billing records contained in the Memorandum of law. In that regard, the filing of such documents under seal is appropriate to preserve the attorney-client privilege between TCF, their former clients, and Plaintiffs' new counsel, Messrs. Nat Smith and John Lenoir.

The Court approved the filing of TCF's moving papers under seal for the same reasons set forth herein (Dkt. No. 85).

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice. United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Lugosch supra. "Once the weight of the presumption is determined, a court must balance competing considerations against it." Amodeo supra. Documents may be sealed if findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Delta Air Lines, Inc. v. Bombardier, Inc., 462 F. Supp. 3d 354 (S.D.N.Y. 2020).

"Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties." Id. Further, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, ..., fall within the privilege." Diversified Grp., Inc. v. Daugerdas, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003) *See also* Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555, 560 (S.D.N.Y. 1994). "[A]ttorney billing statements are subject to the attorney-client privilege to the extent that they reveal more than client identity and fee information." Ehrich v. Binghamton City Sch. Dist., 210 F.R.D. 17, 23 (N.D.N.Y. 2002). Additionally, the Second Circuit has held that settlement communications are also appropriately subject to sealing. *See* United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998).

For these reasons, we ask that the reply papers be filed under seal.

Respectfully submitted,

/s/ Derek S. Sells
Derek S. Sells, Esq.

2