UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTINA MELENDEZ, et al.,

Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON SCHOOL, et al.,

Defendants.

CIVIL ACTION NO. 23 Civ. 4917 (JPO) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are: (1) Plaintiffs' motion for an infant compromise order approving a proposed settlement of claims of the infant Plaintiff Y.S. (Dkt. No. 78 ("Plaintiffs' Motion"); and (2) the motion of The Cochran Firm ("TCF"), former counsel for Plaintiffs, enforcing the Firm's claimed lien under New York Judiciary Law § 475 against the settlement proceeds in this action. (Dkt. No. 84 (the "TCF Motion")).

Plaintiffs' Motion invokes the Court's Local Civil Rule 83.2 (Dkt. No. 80-4 at 4), which in turn requires the Court to follow the infant compromise procedures under New York State law, here, New York C.P.L.R. 1208. Loc. Civ. R. 83.2(a)(1); see N.Y. C.P.L.R. 1208. Section 1208(d) requires that the moving party, the infant, and his or her attorney appear "before the court unless attendance is excused for good cause." N.Y. C.P.L.R. 1208(d). Assessing the relevant factors that federal courts have considered in determining whether good cause exists to forgo an infant compromise hearing, the Court has determined that a hearing is not required. See B.G. v. City of New York, No. 23 Civ. 3761 (KPF), 2026 WL 17163, at *3 (S.D.N.Y. Jan. 2, 2026). First, having conducted several conferences concerning settlement in this action, the Court is familiar with the facts underlying Y.S.'s claims and the nature and severity of Y.S.'s injuries, so a hearing is not

necessary to assess the reasonableness of the proposed settlement. (Dkt. Nos. 18; 30; 31; minute entries dated July 23, 2024, July 26, 2024, Aug. 9, 2024). In addition, requiring Y.S. to attend a hearing could be overwhelming and could cause her to miss school or other important activities. Accordingly, we find that good cause exists to forgo a live hearing in connection with Plaintiffs' Motion. We do note, however, that while Plaintiffs' Motion references their retainer agreement with their current counsel, Nathaniel B. Smith, Esq. (Dkt. No. 80-4 at 10 (the "Retainer Agreement")), the Retainer Agreement is not attached but is important to the Court's analysis of Plaintiffs' Motion. See C.G. by Gonzalez v. Dep't of Educ. of City of N.Y., No. 24 Civ. 3827 (SDA), 2025 WL 1078896, at *2 (S.D.N.Y. Apr. 10, 2025) (examining retainer agreement in connection with evaluation of reasonableness of attorneys' fees for settlement of infant's claims). Accordingly, by **August 28, 2026**, Plaintiffs shall file a supplemental letter attaching the Retainer Agreement. Plaintiffs may request sealing of the Retainer Agreement on an appropriate showing.

With respect to the TCF Motion, as the parties are aware, section 475 requires the Court to conduct a hearing "'to determine if [TCF] was discharged for cause, and, if not, the amount of [their] fee on a quantum meruit basis[.]'" Love and Madness, Inc. v. Claire's Holdings, LLC, No. 21 Civ. 1913 (AT) (SLC), 2021 WL 4554058, at *3 (S.D.N.Y. Oct. 4, 2021) (quoting Mason v. City of New York, 67 A.D.3d 475, 475–76 (1st Dep't 2009)); see Mason v. Ethical Culture Fieldston Sch., No. 23 Civ. 1402 (JPO) (SLC), 2025 WL 2336096, at *6 (S.D.N.Y. Jan. 24, 2025), adopted by, 2025 WL 1862829 (S.D.N.Y. July 7, 2025). TCF has also requested a hearing "[t]o the extent that questions of credibility are at issue[.]" (Dkt. No. 84-10 at 5 n.2).

Accordingly, a telephonic hearing regarding the TCF Motion is scheduled for **September 17, 2026 at 3:30 p.m. ET** on the Court's conference line (the "Hearing"). The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time. Should TCF determine that it no longer requests a hearing under section 475, it may file a letter requesting that the Court cancel the Hearing.

No further submissions other than the Retainer Agreement are required in advance of the Hearing.

Dated: New York, New York
August 20, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**