UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTINA MELENDEZ, et al.,

Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON SCHOOL, et al.,

Defendants.

CIVIL ACTION NO. 23 Civ. 4917 (JPO) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. BACKGROUND

Plaintiff Cristina Melendez, on behalf of herself and her daughters, Y.A. and Y.S. (together, "Plaintiffs"), former students at Defendant Ethical Culture Fieldston School ("ECFS"), asserts discrimination and retaliation claims under federal and state law against ECFS and four of its employees (together, "Defendants"). (See generally Dkt. No. 4 (the "Complaint")). Ms. Melendez and her daughters were initially represented by The Cochran Firm ("TCF"), before they terminated and replaced TCF with Nathaniel B. Smith ("Smith"), the attorney who filed the Complaint and represented Plaintiffs through a series of conferences before the undersigned that eventually resulted in a settlement of their claims (the "Settlement"). (Dkt. Nos. 18; 20; 30–31; 69; minute entries dated May 3, 2024, July 19, 2024, July 23, 2024, July 26, 2024, Aug. 9, 2024, Apr. 9, 2026).

On April 17, 2026, Plaintiffs made a motion for an infant compromise order with respect to Y.S.'s claims. (Dkt. No. 80 (the "Compromise Motion")). In the Compromise Motion, Smith sought an award of Attorney's Fees in the amount of one-third of the Settlement ("Smith's Requested Fees"). (Dkt. No. 80-3 ¶ 14). On April 24, 2026, TCF made a motion to enforce a

charging lien against the Settlement. (Dkt. Nos. 84–84-10 (the "Lien Motion," with the Compromise Motion, the "Motions")). The Lien Motion sought TCF's attorney fees based on "the reasonable value of the services it rendered to" Plaintiffs. (Dkt. No. 84-10 at 5 ("TCF's Requested Fees")).

On September 14, 2026, the Court issued a Report and Recommendation recommending to the Honorable J. Paul Oetken that: (i) the Compromise Motion be granted; (ii) the Settlement be approved; (iii) Smith be awarded the Requested Fees with a five percent reduction (the "Smith Award"); and (iv) the Lien Motion be granted in part, with the Court applying a ten percent reduction to the hours of two of the three TCF attorneys who worked on this matter (the "TCF Award"). (Dkt. No. 101 at 22–23 (the "R&R")). The Court docketed the R&R temporarily under seal given its discussion of documents that the parties had designated confidential. (Dkt. No. 101 at 1 n.1 (citing Dkt. Nos. 82; 85; 89; 92)). The Court also directed the parties to file under seal a single document bearing any proposed redactions for the public filing of the R&R. (Dkt. No. 101 at 23).

On September 18, 2026, the parties submitted a cover letter (Dkt. No. 103 (the "Letter")), along with a proposed redacted R&R containing two categories of proposed redactions. (Dkt. No. 103-1 (the "Redaction Request")). The first category, about which the parties agree (Dkt. No. 103), seeks to redact information relating to the negotiation and terms of the Settlement as well as redact Smith's Requested Fees and the Smith Award. (Dkt. No. 103-1 at 4–5, 12–14, 23 (the "Settlement Redactions")). Separately, TCF asks the Court to redact the: (i) the amount of attorney fees that it requested; (ii) the number of hours that TCF attorneys recorded;

and (iii) the TCF Award.[1] (See Dkt. No. 103-1 at 18, 22–23 (the "TCF Redactions")). Plaintiffs oppose the TCF Redactions.[2] (Dkt. No. 103).

## II. DISCUSSION

### A. Legal Standard

Judicial documents are "presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016).[3] Accordingly, the Court is required to "make specific, rigorous findings before sealing the document or otherwise denying public access." Id. at 141.

In addressing a sealing request, the Court must first consider whether the document is a "judicial document" subject to a presumption of access. Bernstein, 814 F.3d at 139. A "judicial document" or judicial record is one that is "relevant to the performance of the judicial function and useful in the judicial process." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). To determine whether a document is a judicial record, the Court evaluates the "relevance of the document's specific contents to the nature of the proceeding" and the degree to which "access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 166–67 (2d Cir. 2013).

---

[1] Curiously, the TCF Redactions do not include all references in the R&R to TCF's Requested Fees, the TCF Award, or TCF's hours expended. (See generally Dkt. No. 103-1).

[2] The Letter does not note Defendants' position on the TCF Redactions. (Dkt. No. 103).

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Second, a finding that the document is a "judicial document" triggers the presumption of public access, the Court must then "determine the weight of that presumption." Lugosch, 435 F.3d at 119. "The weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power'" and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" Bernstein, 814 F.3d at 142 (quoting Lugosch, 435 F.3d at 119–20). In doing so the Court must "make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday, 730 F.3d at 167 n.15. "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." In re Parmalat Secs. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

The Court analyzes a request to redact portions of a document under the same standard as a request to seal an entire document. See Skillz Platform Inc. v. Papaya Gaming, Ltd., No. 24 Civ. 1646 (DLC), 2025 WL 941223, at *1 (S.D.N.Y. Mar. 27, 2025) (explaining that "requests to seal or proposals to redact shall be justified by the governing standard in Bernstein and Lugosch").

**B. Application**

First, the Court finds that the Settlement Redactions, about which the parties agree, seek to redact information properly excluded from public disclosure. See Dixon v. Reid, No. 23 Civ. 9878 (JAV), 2026 WL 1694172, at *1 (S.D.N.Y. Jun. 11, 2026) (sealing documents that "disclose[d] the parties' confidential settlement discussions, including the terms of a proposed settlement agreement" because "[t]here is no established presumption of public access with respect to

confidential settlement discussions and documents"). Disclosing the amount of Smith's Requested Fees and the Smith Award, both of which are derived from the Settlement Amount, would result in disclosure of the Settlement Amount, which the parties agreed should remain confidential and as to which the presumption of access generally does not apply. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 143–44 (2d Cir. 2004) (permitting sealing of amount of settlement payment that parties agreed would remain confidential); Hadzijic v. Art Food LLC, 801 F. Supp. 3d 231, 235 (S.D.N.Y. 2025) (maintaining settlement amount under seal). Accordingly, the Court will adopt the Settlement Redactions.

In contrast, the TCF Award is not derived from the Settlement Amount and so public disclosure will not reveal any confidential settlement information. Instead, the TCF Redactions seek to exclude from public disclosure non-confidential information that is critical to understanding the R&R, so "[t]he presumption of [public] access is therefore strong." Vineyard Vines, LLC v. MacBeth Collection, L.L.C., No. 14 Civ. 1096 (SALM), 2019 WL 12024583, at *3–4 (D. Conn. Apr. 1, 2019) (substantially denying request to seal motion for attorney's fees, including sealing claimed fees and costs as they "relate[] directly to the issue on which the Court was asked to rule"). Furthermore, TCF offers neither any justification for the TCF Redactions nor any explanation of what injury it would suffer from disclosure. (Dkt. No. 103). See Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 413–14 (S.D.N.Y. 2014) (denying request to seal where moving party only offered "boilerplate statements" which offered "almost no factual basis" on which to make a finding that sealing was appropriate). Finally, information about hours TCF worked on ECFS-related cases is already a matter of public record, and there is no reason for treating similar information in this action differently. See Mason v. Ethical Culture Fieldston Sch.,

No. 23 Civ. 1402 (JPO) (SLC), 2025 WL 2336096, at *10 (S.D.N.Y. Jan. 24, 2025) (discussing TCF attorneys' hourly billings in another ECFS litigation), adopted by, 2025 WL 1862829 (S.D.N.Y. July 7, 2025). TCF therefore has not carried its burden to show "countervailing interests sufficient to justify" the TCF Redactions. Wells Fargo, 993 F. Supp. at 414.

## III. CONCLUSION

For the reasons set out above, the Redaction Request is **GRANTED IN PART** and **DENIED IN PART**. By separate order, the Court will issue a public, redacted version of the R&R containing only the Settlement Redactions. The R&R at Dkt. No. 101 shall remain under seal.

Dated: New York, New York
September 22, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**